GRIFFIN, Chief Judge,
concurring specially.
I write to respond to the dissent. The issue is whether the failure of a respondent in a disciplinary proceeding to make any response to requests for admission can be the basis for a determination that no material facts were in dispute and, therefore, no formal hearing was required. In this ease, the respondent filled out an election of rights form requesting a formal hearing and gave his home address as his current address. The DPR, in an apparent effort to determine what facts were in dispute since Purcell had not responded to prior correspondence, sent Purcell several requests for admission and interrogatories. Although his wife signed the receipt for these mailings, he claims not to have received them. When no response to the discovery was received, the DPR filed a motion for an informal hearing. FREC concluded there was no factual dispute and noticed an informal hearing. Purcell did not attend, claiming not to have received any of these filings either.
He now objects that because he had a right to remain silent, the fact that he did so cannot be used against him. It is, however, one thing to have the privilege to remain silent and a whole different thing not to comply with the applicable rules of procedure by timely responding and asserting the privilege. The rules of discovery contemplate that any objection to discovery will be asserted and asserted timely. Respondent had the right not to incriminate himself, but he did not have a right to ignore the discovery. By failing to assert the privilege not to respond as provided by rule, the requests were deemed- admitted under the rule and an informal hearing was scheduled, which Purcell did not attend. I see no reversible error.